**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| SAMUEL DAVID MOORE, SR., | : | |
| | : | |
| Plaintiff | : | |
| | : | 1:05-CV-129 (WLS) |
| vs. | : | |
| | : | |
| CRISP COUNTY SUPERIOR COURTS, | : | |
| CORDELE PUBLIC DEFENDER | : | |
| OFFICE, CRISP COUNTY LAW | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| ENFORCEMENT CENTER, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

**O R D E R**

*Pro se* prisoner plaintiff **SAMUEL DAVID MOORE, SR.**, filed the above-styled complaint pursuant to 42 U.S.C. § 1983. He seeks leave to proceed without pre-payment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. Based on plaintiff's submissions, the Court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). Hereafter, plaintiff will be required to make monthly payments of twenty (20 %) percent of the deposits made to his prisoner account during the preceding month towards the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

Plaintiff states in the complaint that he was arrested on December 24, 2001 for "misdemeanor charges." He further alleges that he soon thereafter learned of an outstanding felony warrant. He then states he was held in the Crisp County Jail for eleven months before an attorney was appointed to represent him. Although the sequence of events is unclear, plaintiff asserts that he was subsequently denied bond, and remained in jail until January 13, 2004. Plaintiff asserts that at the time of his release he was informed by a deputy that the "Judge decided to let [him] go." According to plaintiff, it was at this time that he realized his rights had been violated.

Upon initial review of the complaint, the Court finds additional information about plaintiff's contentions is needed before a proper evaluation of his claims and allegations can be made. Plaintiff names as defendants in this action the Crisp County Superior Courts, Cordele Public Defender Office, and Crisp County Law Enforcement Center. However, these are not suable entities. In light of plaintiff's *pro se* status, he will be given the opportunity to supplement his complaint and name as defendants any and all individuals whom he believes were responsible for violating his constitutional rights. With each named defendant, plaintiff should explain specifically the actions taken by each such individual or the duties he or she failed to perform.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 18th day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh